HUGO REIMER v. THE STATE.

No. 5102. Decided October 23, 1918.

Theft of Cattle—Corpus Delicti—Insufficiency of the Evidence—Fraudulent Intent.

Where, upon trial of theft of cattle, the State failed to prove the corpus delicti and a fraudulent intent, the conviction could not be sustained. Following James v. State, 32 Texas Crim. Rep., 509.

Appeal from the District Court of Hutchinson. Tried below before the Hon. W. R. Ewing.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Frank Willis,* for appellant.—On question of corpus delicti: Lane v. State, 45 S. W. Rep., 693, and cases stated in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted in the District Court of Hutchinson County of cattle stealing, his punishment being assessed at two years confinement in the penitentiary.

The indictment charged appellant with stealing one head of cattle belonging to an unknown owner. The facts, briefly stated, show that H. W. Pitts owned a ranch a short distance from the county seat. Pitts lived in town, and appellant was an employe on his ranch. The

witness Hedgecoke testified he lived in Plemons, Hutchinson County, and was running a store during the year 1917; that appellant brought three quarters of beef to his store. This beef was brought for the account of Mr. Pitts, and witness gave Pitts credit for it on the books.. Pitts was trading with him, he being engaged in the mercantile business. When this trade was made with witness by Pitts he directed appellant to kill a two-year-old animal and bring a specified amount of the meat to Mr. Hedgecoke. This appellant did, and Hedgecoke gave Pitts credit for this amount on his account at the store. Somewhere not a great ways from the ranch house of Mr. Pitts it was discovered that an animal had been butchered or killed. A fresh hide was found in Pitts' granary where appellant lived. There was no fresh meat at the place. Appellant had no interest in the animal that he killed, if he killed the one that was found where the evidence shows one was killed in the pasture. He did kill one evidently for Mr. Pitts, and carried three quarters of it to Hedgecoke's store and delivered it to him for Mr. Pitts. The State proved this, and Pitts testified to the same effect. The testimony also shows appellant had no interest in the meat delivered to Hedgecoke. Pitts testified that he had cattle running around his place, some cows, calves, heifers and steers, about 180 altogether. He had been living at the ranch but had moved into town The ranch was superintended by appellant. He left the ranch early in October and instructed appellant to butcher a beef. He told appellant what to do with it after he butchered it, and witness says he knew what he did with it. He delivered the beef to Mr. Hedgecoke at his store. This seemed not to be a controverted but an admitted fact. He also stated appellant had no interest in it, and received no proceeds from the sale of the beef. Pitts says he let appellant have $6.50 worth of the beef. There is some question as to whether this was Pitts' animal, but there was no question that appellant killed a beef by the authority and under the orders of Mr. Pitts, which has been previously mentioned.

Appellant requested, under this condition of the record, an instruction to the effect that the corpus delicti was not proved, and that the evidence was insufficient to support the submission of appellant's guilt, especially in view of the testimony showing that he had killed the animal under a claim of right and by the authority and for the benefit of Mr. Pitts. There is some contention that this may not have been one of Mr. Pitts' yearling heifers, but as we view this record this would be immaterial. The color was pretty much the same as that suggested by Mr. Pitts to be killed, and if appellant made a mistake in getting the wrong animal it would still eliminate the question of fraud. A mistake of fact would not support fraudulent intent. There was no evidence that anybody lost any cattle. This was the only one found, and no one set up any claim to it, and it was killed, as before stated, under the direction of Mr. Pitts. While Mr. Pitts was not present and pointed out the particular animal, he described the animal for appel-

lant to kill. Pitts had two or three animals of practically that description. We are of opinion the court should have so instructed the jury, and we are further of opinion that the evidence is not sufficient to show a fraudulent intent. Lane v. State, 45 S. W. Rep., 693; Melton v. State, 56 S. W. Rep., 67; Heskew v. State, 18 Texas Crim. App., 275; Miles v. State, 1 Texas Crim. App., 510; Cameron v. State, 9 Texas Crim. App., 332; Moore v. State, 28 Texas Crim. App., 377; James v. State, 32 Texas Crim. Rep., 509. These decisions, we think, dispose of this case correctly. This conviction should not have occurred under this record.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*